1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  KEINYATEY D. CHAMBERS,           No. 2:09-cv-02756-MCE-DAD

12          Plaintiff,

13      v.                               **ORDER**

14  MARVAL & ASSOCIATES,

15          Defendant.

16                        ----oo0oo----

17

18

19      Through the present action, Plaintiff seeks damages from

20  Defendant Marval & Associates for alleged violations of the Fair

21  Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair

22  Debt Collection Practices Act ("RFDCPA").  After Defendant was

23  served with the Summons and Complaint and failed to respond,

24  Defendant asked the Court to enter Defendant's default.  Default

25  against Marval & Associates was entered on March 17, 2010.

26  Plaintiff thereafter filed a Motion for Default Judgment on

27  May 14, 2010, and set a hearing on that Motion for June 25, 2010

28  (Docket No. 8).

                                1

Rather than proceeding forward on his request for default judgment, however, Plaintiff's counsel filed a Notice of Voluntary Dismissal on June 1, 2010 (Docket No. 9), thereby terminating this litigation.

Plaintiff now seeks to withdraw that Dismissal, and reinstate the case, on grounds that counsel filed that dismissal in error.  According to the Declaration of Mahadhi Corzano, an associate in Plaintiff's counsel's office inadvertently filed a Notice of Voluntary Dismissal in this case, rather than a different matter which was supposed to have been so dismissed. Counsel's mistake in this regard is apparent given the fact that his previous filing in this matter had been a request to reduce Defendant's default to judgment, an action wholly inconsistent with his subsequent voluntary dismissal.

Plaintiff's Motion is brought pursuant to Federal Rule of Civil Procedure 60(b), which provides that a Court may relieve a party or his representative from an order or judgment on various grounds, including said party's "mistake, inadvertence, surprise or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court.  <u>Casey v. Albertson's Inc.</u>, 362 F.3d 1254, 1257 (9th Cir. 2004).

This matter appears to be a classic example of the kind of mistake Rule 60(b) was intended to rectify.  Moreover, no opposition to Plaintiff's Motion has been submitted.

///

///

///

2

Given that non-opposition, and good cause having been shown, Plaintiff's Motion for Relief from Order of Dismissal (Docket No. 13) is hereby GRANTED.[1]  The Clerk of Court is hereby instructed to reinstate this matter as an active case.

IT IS SO ORDERED.

Dated: July 23, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).