IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEINYATEY D. CHAMBERS,

    Plaintiff,                              2:09-cv-2756 MCE DAD

    v.

MARVAL & ASSOCIATES,

<u>ORDER</u>

    Defendant.

_____/

        This matter came before the court on September 10, 2010, for hearing on plaintiff's August 4, 2010 motion for default judgment (Doc. No. 20). Mahadhi Corzano, Esq. appeared telephonically for plaintiff. No appearance was made on behalf of defendant.

        During oral argument, the undersigned noted that the verification form attached to plaintiff's electronically filed complaint is unsigned and plaintiff's default judgment motion does not include any supporting declaration by plaintiff. Counsel indicated that a signed verification form exists. Counsel was directed to file a copy of the signed form as a supplement to the pending motion, and counsel agreed to do so within two court days. The motion was taken under submission, pending receipt of the signed form.

        In February 2011, a chambers staff member left a voice message reminder for plaintiff's counsel regarding the verification form. The call was not returned, and the verification

1

1  form has never been filed with the court.  For the reasons set forth below, plaintiff's motion for
2  default judgment is denied without prejudice to filing an amended motion that includes a copy of
3  the signed Verification of Complaint and Certification as well as a declaration by plaintiff.

## PROCEDURAL BACKGROUND

5        Plaintiff commenced this action on October 2, 2009, by filing a complaint
6  pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and California's
7  Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq.

8        Despite being served with process, defendant failed to appear in this action.
9  Pursuant to plaintiff's request, the Clerk of the Court entered defendant's default on March 17,
10  2010.  (Doc. No. 7.)  On August 4, 2010, plaintiff filed the pending motion for default judgment.
11  Despite being served with plaintiff's request for entry of default and motion for default judgment,
12  defendant did not file opposition to the motion or appear at the hearing on the motion.

## LEGAL STANDARD

14        Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for
15  default judgment.  Upon entry of default, the complaint's factual allegations regarding liability
16  are taken as true, while allegations regarding the amount of damages must be proven.  Dundee
17  Cement Co. v. Howard Pipe & Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing
18  Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also TeleVideo Sys., Inc. v.
19  Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).  Where damages are liquidated (i.e., capable of
20  ascertainment from definite figures contained in the documentary evidence or in detailed
21  affidavits), judgment by default may be entered without a damages hearing.  See Dundee, 722
22  F.2d at 1323.  Unliquidated and punitive damages, however, require "proving up" at an
23  evidentiary hearing or through other means.  Dundee, 722 F.2d at 1323-24; see also James v.
24  Frame, 6 F.3d 307, 310 (5th Cir. 1993).

25        Granting or denying default judgment is within the court's sound discretion, see
26  Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986), and the court is free to consider a

variety of factors in exercising that discretion, see Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The court may consider such factors as:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice, ¶ 55-05[2], at 55-24 to 55-26).

## ANALYSIS

Plaintiff's complaint alleges that defendant is a debt collector that, through its agent Ms. Hamilton, constantly and continuously placed collection calls to plaintiff demanding payment for an alleged debt; called plaintiff at work and at his mother's home; disclosed to plaintiff's co-workers and his mother that plaintiff owed a debt; failed to properly identify herself as a debt collector after the first communication with plaintiff; called plaintiff a thief and asserted that charges would be pressed; told plaintiff they had a case against him and would be sending a summons and complaint; swore at plaintiff when plaintiff called defendant and asked to speak to a manager; instructed third parties to tell plaintiff to call defendant in order to stop a legal action; and did not send plaintiff a debt validation letter.  Plaintiff alleges that defendant violated numerous statutes and caused plaintiff to suffer emotional distress.  The complaint seeks actual damages, statutory damages, costs, and attorneys' fees.

The Verification of Complaint and Certification form attached to plaintiff's complaint would, if signed, verify the allegations of plaintiffs complaint.  Such verification, combined with a declaration in which plaintiff provides more detail regarding defendant's conduct and its impact on him, would assist plaintiff in proving up damages and demonstrating the reasonableness of the attorneys' fees requested.  Without additional support, the undersigned is unable to weigh all of the Eitel factors, particularly with respect to the merits of plaintiff's substantive claims and the sufficiency of the complaint.  Moreover, in determining the amount of

1  damages to award under the FDCPA, the court is required to consider "the frequency and
2  persistence of noncompliance by the debt collector, the nature of such noncompliance, and the
3  extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Similarly, the
4  determination of damages under California's Rosenthal Act requires a showing that the debt
5  collector willfully and knowingly violated the statute. Cal. Civ. Code § 1788.30. Without
6  plaintiff's verification of his complaint and a supporting declaration, the court cannot properly
7  apply these statutory guidelines for awarding damages.

## CONCLUSION

Plaintiff's present motion for default judgment will be denied without prejudice to the filing of a new motion supported by a copy of plaintiff's signed, dated Verification of Complaint and Certification as well as by a declaration in which plaintiff provides a reasonable amount of detail concerning defendant's actions and the damages suffered by plaintiff.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for entry of default judgment (Doc. No. 20) is denied without prejudice;

2. Plaintiff shall file and serve an amended motion for default judgment within thirty days after this order is filed; plaintiff's amended motion shall be noticed for hearing before the undersigned and shall include a copy of plaintiff's signed, dated Verification of Complaint and Certification, as well as a declaration by plaintiff that complies with this order.

DATED: March 10, 2011.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.civil\chambers2756.oah.mdj